**IN THE SUPERIOR COURT OF THE STATE OF DELAWARE**

SPINE CARE DELAWARE, LLC    )
)
       Plaintiff,    )
)
       v.    )    C.A. No.: N18C-01-253 EMD CCLD
)
UNITED STATES AUTOMOBILE    )
ASSOCIATION, USAA GENERAL    )
INDEMNITY COMPANY, USAA    )
CASUALTY INSURANCE COMPANY,    )
AND GARRISON PROPERTY AND    )
CASUALTY INSURANCE COMPANY    )
)
       Defendants.    )
)
)
)

Submitted: September 9, 2020
Decided: September 16, 2020

**ORDER REFUSING TO CERTIFY DEFENDANTS' APPLICATION FOR CERTIFICATION OF INTERLOCUTORY APPEAL OF CLASS CERTIFICATION ORDER**

This 16th day of September, 2020, upon consideration of Defendants' Application for Certification of an Interlocutory Appeal of Class Certification Order (the "Application") filed by Defendants United States Automobile Association, USAA General Indemnity Company, USAA Casualty Insurance Company, and Garrison Property and Casualty Insurance Company (collectively, the "Defendants") on September 4, 2020; Plaintiff Spine Care Delaware, LLC's Opposition to Defendants' Application for Certification of an Interlocutory Review (the "Response") filed by Plaintiff Spine Care Delaware, LLC ("Spine Care"); the Court's Opinion dated June 18, 2020 (the "Opinion"); Supreme Court Rule 42 ("Rule 42"); and this civil action's entire record:

## APPLICABLE STANDARD

1.       Rule 42(b) dictates the standard for certifying an interlocutory appeal.  "No interlocutory appeal will be certified by the trial court or accepted by this Court unless the order of the trial court decides a substantial issue of material importance that merits appellate review before a final judgment."[1]  In deciding whether to certify an interlocutory appeal, the trial court must consider: (1) the eight factors listed in Rule 42(b)(iii);[2] (2) the most efficient and just schedule to resolve the case; and (3) whether and why the likely benefits of interlocutory review outweigh the probable costs, such that interlocutory review is in the interests of justice.[3]  "If the balance [of these considerations] is uncertain, the trial court should refuse to certify the interlocutory appeal."[4]

2.       Initially, the Court must determine if the Opinion that Defendants seek certification of "decides a substantial issue of material importance that merits appellate review before a final judgment."[5]  The "substantial issue of material importance" prong of Rule 42 requires a determination of whether the Opinion presents any substantial issue of material importance that could merit appellate review before a final judgment.[6]  The Opinion is not

---

[1] Del. Supr. Ct. R. 42(b)(i).
[2] Delaware Supreme Court Rule 42(b)(iii) provides that the trial court should consider whether:
    (A) The interlocutory order involves a question of law resolved for the first time in this State;
    (B) The decisions of the trial courts are conflicting upon the question of law;
    (C) The question of law relates to the constitutionality, construction, or application of a statute of this State, which has not been, but should be, settled by this Court in advance of an appeal from a final order;
    (D) The interlocutory order has sustained the controverted jurisdiction of the trial court;
    (E) The interlocutory order has reversed or set aside a prior decision of the trial court, a jury, or an administrative agency from which an appeal was taken to the trial court which had decided a significant issue and a review of the interlocutory order may terminate the litigation, substantially reduce further litigation, or otherwise serve considerations of justice;
    (F) The interlocutory order has vacated or opened a judgment of the trial court;
    (G) Review of the interlocutory order may terminate the litigation; or
    (H) Review of the interlocutory order may serve considerations of justice.  *See* Del. Supr. Ct. R. 42(b)(iii).
[3] *Id.*
[4] *Id.*
[5] *Id.* 42(b)(i).
[6] *See, e.g., Realogy Hdlgs. Corp. v. Sirva Worldwide*, 2020 WL 4559519 (Del. Ch. Aug. 7, 2020).

addressing a minor issue like a discovery dispute, but rather the viability of class certification. The Court concludes, therefore, that the substantial issue criterion is met in Defendants' request for certification.

## BACKGROUND

3.      Spine Care filed its Plaintiff Spine Care Delaware, LLC's Motion for Class Certification (the "Motion) on or about July 29, 2019.  The Motion centered on the Defendants' alleged untimely payment of covered medical expenses to Spine Care and other healthcare providers. Spine Care contends that the statutory interest owed on overdue PIP-related medical expenses is owed to Spine Care and others in the class.  On October 7, 2019, Defendants filed their Defendants' Answering Brief in Opposition to Plaintiff's Motion for Class Certification (the "Answer").  On November 13, 2019, Spine Care filed its Plaintiff Spine Care Delaware, LLC's Reply Brief in Support of its Motion for Class Certification (the "Reply").  The Court held a hearing on the Motion, the Answer and the Reply on January 29, 2020.  After the hearing, the Court took the Motion under advisement.  On June 18, 2020, the Court issued the Opinion. The Opinion granted the relief requested in the Motion and certified a class under Civil Rule 23.

4.      Defendants moved to reargue the Opinion.  Defendants contended that reargument was necessary because: (i) they wished for further clarification on "whether the certified class is limited to facility fee bills that Defendants allegedly were precluded as a matter of law from disputing because they had deemed the underlying anesthesia bills to be compensable"[7] and (ii) the class was improper as it is founded upon "a misapprehension of Defendants' data systems and ability to identify those claims."[8]

---

[7] Defs.' Mot. to Reargue at 1-2.
[8] *Id*. at 2.

3

5.	The Court denied reargument.  The Court held that Defendants were merely rehashing arguments already asserted and previously determined by the Court.  The Court noted that the class definition was proper for:

> All persons or entities who, since September 25, 2014, submitted claims for medical-expense-related Personal Injury Protection (or "PIP") benefits under Delaware auto policies issued by United Services Automobile Association, USAA General Indemnity Company, USAA Casualty Insurance Company or Garrison Property and Casualty Insurance Company, where (i) the claim was not disputed by the insurer on grounds of insufficient documentation within 30 days of receipt; (ii) the claim was not paid by the insurer within 30 days of receipt; and (iii) though ultimately paid in whole or part, the insurer made no payment of statutory interest on the claim.[9]

For the purposes of the class definition requiring that "the claim was not disputed by the insurer on grounds of insufficient documentation within 30 days of receipt," the Court held that instances identified by the parties where a bill for a facility fee was disputed for lack of documentation to determine medical necessity can be considered undisputed and compensable in the absence of any other reason for denying coverage.[10]  The Court addressed this point due to a standing argument made by Defendants.  In other words, the Court allowed Spine Care to be included in the class because Defendants were "precluded" from contesting the compensability of a portion of Spine Care's claim on a basis previously found to be improper by this Court.[11]

6.	On August 25, 2020, the Court entered an order implementing the Opinion.

**PARTIES CONTENTIONS**

7.	Defendants assert that the Application meets the criteria set forth in Rule 42(b)(iii)(A), (C), (G) and (H).  Defendants claim that: (i) the Opinion decides an issue unresolved in Delaware because the (a) the Supreme Court has never address an "interest class"

---

[9] *Spine Care Delaware, LLC,* 2020 WL 3564706, at *4 (Del. Super. June 18, 2020).
[10] *Id.* at *6.
[11] *See Spine Care Delaware, LLC v. State Farm Mut. Auto. Ins. Co.*, 2007 WL 495899, at *3 (Del. Super. Feb. 5, 2001).

before and (b) Delaware courts have not addressed a situation where class membership can be determined only by an individualized resolution of the merits of each class member's claim; (ii) the Opinion relates to the interpretation and application of a statute, 21 *Del. C.* § 2118 ("Section 2118"), which has not been, but should be, settled by the Supreme Court in advance of an appeal from a final order; and (iii) an interlocutory review of the Opinion may terminate this civil and action and thus serves the considerations of justice.

8.      Spine Care opposes interlocutory appeal of the Opinion. In the Response, Spine Care argues that none of the rulings in the Opinion are questions of first impression in Delaware. Spine Care also contends that interlocutory review cannot possibly terminate this civil proceeding because, even without class certification, Spine Care could proceed with its individual claim against Defendants. Finally, Spine Care claims that piecemeal litigation of Spine Care's claim and the class claims will not serve the considerations of justice.

## DISCUSSION

9.      The Court agrees with the arguments made in the Response. The Court may be viewing this too simplistically but, in rendering the Opinion, the Court did not seem to address any questions of first impression. True, the Supreme Court has not ruled on the specific issues of this civil action, but the Court had and so had other jurisdictions. As noted in the Response, the Court has previously addressed class certification of statutory interest claims under Section 2118.[12] Moreover, while there may be individual questions for certain claimants as to whether they meet Spine Care's class definition, this Court found that these individual questions did not

---

[12] As noted in the Response, the Court has previously granted class certification and approved class settlements in cases involving statutory interest under Section 2118. *See* Resp. at 3-5 (referring to *Womack v. State Farm Mut. Auto. Ins. Co.*, C.A. No. 06C-04-013RFS (Del. Super. Aug. 21, 2008) (class action involving, in part, statutory claims to interest under Section 2118); *Lowery v. USAA Gen. Indem. Co.*, C.A. No. N04C-12-083 (Del. Super. June 20, 2007) (classwide claims for statutory interest under Section 2118); and *Crowhorn v. Nationwide Mut. Ins. Co.*, 836 A.2d 558 (Del. Super. 2003) (final certification involving statutory interest under Section 2118 after previously granting a motion to certify on June 23, 2003)).

5

predominate over whether Defendants failed to pay statutory interest on PIP claims that were paid late. That is because the individual factual determinations that must be made, including the amount of interest to which each claimant is entitled, can be made by reference to records and objective criteria—objective criteria and mathematical calculations applied to undisputed records.

10. The Court understands that Defendants disagree with the conclusions made in the Opinion. In addition, the specific facts of this case may differ from other cases. However, this does not mean that the question is novel. The propriety of class certification for statutory interest claims under Section 2118 has been addressed by this Court and by other trial courts.

11. Defendants contend that the Court's use of preclusion to address the standing of Spine Care calls for interlocutory review to resolve an issue of statutory construction. The Court did not undertake a novel statutory construction in assessing Spine Care's standing. The Court found Defendants disputed Spine Care's claim as to the necessity of a facility fee when that form of dispute had already been addressed and determined to be invalid by the Court—*i.e.*, contesting the facility fee when it already paid the corresponding physician's fee.[13] As such, Defendants could not be found to have genuinely disputed Spine Care's claim for their patient, Ms. Upshaw. Therefore, the Court found that Spine Care was a member of the class sought to be certified because the claim was not "genuinely" disputed by Defendants on grounds of insufficient documentation.[14]

---

[13] *See Spine Care Delaware, LLC v. State Farm Mut. Auto. Ins. Co.*, 2007 WL 495899, at *3 (Del. Super. Feb. 5, 2001).

[14] Id. at *2-3 ("In this case, each claimant received a bill from Spine Care for medical services or treatment which included a facility fee. State Farm has not asserted that there is a policy exclusion for a facility fee related to medical treatment, nor has it asserted that the insureds' injuries (and concomitant medical fees) did not arise from an insured incident or a covered vehicle. The Court holds that State Farm is precluded from asserting a coverage defense to claims for facility fees to which it did not respond within the statutory 30-day period set forth in § 2118B(c). This principle also applies to inaccurate and unreliable responses. State Farm issued numerous denial letters based on a licensing issue which State Farm has abandoned in hopes of now defending its denials on other grounds. The

12.     Interlocutory review will not result in a termination of this civil action. Spine Care has asserted both individual as well as classwide claims for statutory interest under Section 2118. As such, interlocutory review could only possibly terminate the class claims but not the individual claims of Spine Care.

13.     The Court does not feel that interlocutory review will otherwise serve the considerations of justice. Defendants do not, in the Application, seem to make additional arguments for their Rule 42(b)(iii)(H) argument. Instead, Defendants reiterate that the class is unascertainable because factual determination of the merits of claims will predominate. The Court addressed those issues in the Opinion. Discovery on the issue of whether the claim was disputed on the facility fee is narrow—*i.e.*, a request for documentation to demonstrate that the use of a facility was a medical necessity. All other claims need to meet objective criteria: whether the claim submitted was within the statutory period; whether Defendants disputed the claim on grounds of insufficient documentation within 30 days of receipt; whether Defendants paid the claim within 30 days of receipt; and, though ultimately paid in whole or part, whether Defendants paid any required statutory interest on the claim. None of this requires adjudication on the merits of each claim.[15]

14.     Moreover, as presented at the hearing on the Motion and through briefing, this does not seem to involve "intractable problems" that must be resolved through interlocutory appeal and not the normal trial court litigation process. As such, the Court does not find that the benefits of interlocutory appeal outweigh the probable costs such that interlocutory review is in the interests of justice.

---

requirement that a written explanation be provided [within 30 days] is meaningless unless the proffered explanation is correct.") (emphasis added).

[15] *See, Shady Grove Orthopedic Assoc., P.A. v. Allstate Ins. Co.*, 293 F.R.D. 287, 306 (E.D.N.Y. 2013). *Bulmash v. Travelers Indemnity Co.*, 257 F.R.D. 84 (D. Md. 2009).

15.     The Court does not believe that Defendants have demonstrated that interlocutory review of the Opinion is warranted.  At the very least, a balancing of the considerations is uncertain.  The Court, therefore, will refuse to certify the interlocutory appeal.

## CONCLUSION

**IT IS HEREBY ORDERED** that certification to the Supreme Court of the State of Delaware for disposition in accordance with Rule 42 is **REFUSED.**

Dated:  September 16, 2020
Wilmington, Delaware

*/s/ Eric M. Davis*
Eric M. Davis, Judge